1

**CRIS C. VAUGHAN** (SBN 99568)
VAUGHAN & ASSOCIATES LAW OFFICE, APC
371 Nevada Street, #5338
Auburn, CA 95603
**Mailing Address:**
P.O. Box 5338
Auburn, CA 95604
Telephone: (833) 481-1245
cvaughan@adasolutionsgroup.com

Attorney for Plaintiff Thomas E. Frankovich

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11

12 **THOMAS E. FRANKOVICH,**

13          Plaintiff,

14 v.

15 **CAL FED BANK**,

16          Defendant.

17

18

19

20

21

22

23

24

25

CASE NO.:

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**1ST Cause of Action:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, et seq.)

**2nd Cause of Action:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd Cause of Action:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, et seq.

**4th Cause of Action:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, et seq. (The Unruh Civil Rights Act)

<u>DEMAND FOR JURY</u>

Plaintiff, Thomas E. Frankovich ("Plaintiff"), complains of Defendant Cal Fed Bank ("Defendant") and alleges as follows:

**INTRODUCTION**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which class Plaintiff and the disability community are members, for failure to remove architectural barriers structural in nature at Cal Fed Bank which is the property owner and lessor to Citi Bank and Hamed Javadi DDS. This bank/professional building is a place of public accommodation, thereby discriminatorily denying Plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.; California Civil Code §§51, 51.5 and 54, et seq.; and California Health & Safety Code §19955, et seq.

2.     Plaintiff brings this action acting as a "private attorney general" privatizing enforcement of the American with Disabilities Act of 1990 ("ADA") without the American taxpayer(s) bearing the financial tax burden for such action.

3.      Plaintiff is a person with physical disabilities who, on or about January 13, 2022, January 25, 2024, and May 10, 2024 (and deterred thereafter), was an invitee, guest, patron, customer at the Cal Fed Bank property, which leases the subject building to Citi Bank and Hamed Javadi DDS, in the City of San Rafael, California.  At said time(s) and place, Defendant failed to provide proper legal access to the second floor or the Office of Hamid Javadi D.D.S., which is a "public accommodation" and/or a "public facility" including, but not limited to staircases (two (2)) and elevator. The denial of access was in violation of both federal and California legal requirements, and Plaintiff suffered violation of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, et seq. and §54, et seq., California Health & Safety Code §19955 et seq., including §19959; and California Building Code.

5.     Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 666 3rd Street, in the City of San Rafael, County of Marin, State of California, and that Plaintiff's causes of action arose in this county.

**PARTIES**

6.     Plaintiff is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff is afflicted with Paroxysmal Nocturnal Hemoglobinuria PNH which is a disease that attacks the red blood cells denying oxygen to muscles and internal organs; Diabetes; "Left drop foot" prior to and after an unsuccessful Laminectomy. Plaintiff relies primarily on a "walking stick" and occasionally a walker to travel about in public.   Consequently, Plaintiff is a member of that portion of the public whose rights are protected by the provisions of

Health & Safety Code §19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

      7.    DEFINITIONS:

      a.    ADAAG - The Americans with Disabilities Act Accessibility Guidelines of 1990; and 2010 ADA Standards

      b.    2010 ADA STANDARDS - The revised regulations for Title II and III of the Americans with Disabilities Act of 1990 in the Federal Register as of September 15, 2010;

      c.    ARCHITECTURAL BARRIERS - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table.

      Excerpted from the "ADA Guide for Small Businesses" with an interlineation modification. http://www.ada.gov/smbustxt.htm. (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

      d.    ELEMENTS - An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e.       CATEGORICAL ARCHITECTURAL BARRIERS - Are elements and facilities which are or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

f.       PHYSICAL FEATURES - Are synonymous with "Elements."

g.       FACILITY - All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

h.       ENTRANCE - Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

i.       CLEAR FLOOR SPACE - The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

j.       ACCESSIBLE ROUTE - A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

k.       PATH OF TRAVEL - A continuous path connecting all elements and spaces of a building or facility.

l.       NON-COMPLYING - Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

///

**PRELIMINARY FACTUAL ALLEGATIONS**

8.    Plaintiff is a "person with physical disabilities," as defined by all applicable California and United States laws.    Plaintiff is afflicted with Paroxysmal Nocturnal Hemoglobinuria PNH which is a disease that attacks the red blood cells denying oxygen to muscles and internal organs; Diabetes; "Left drop foot" prior to and after an unsuccessful Laminectomy.    Plaintiff relies primarily on a "walking stick" and occasionally a walker to travel about in public.

9.    Citi Bank Building, is a bank and professional office building, owned by Defendant located at/near 666 3rd Street, San Rafael, California ("Facility"). The Facility, its staircases (two (2)) and elevator, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.    On information and belief, the Facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the Facility, its two (2) staircases and elevator to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

10.    Defendant CAL FED BANK is the owner of the real property (land and building) located at or near 666 3rd Street, San Rafael, California.

11.    Defendant, and its operators, tenants and/or sublessors and/or lessees, of the public accommodation known as Citi Bank Building, located at/near 666 3rd Street, San Rafael, California, or of the building and/or buildings which constitute said public accommodation.

12.    At all times relevant to this complaint, Defendant owns and operates in joint venture the subject Facility as a public accommodation. This Facility is open to the general public and conducts business therein.    The Facility is a "public accommodation" or "public

facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq., Health and Safety code §19955, et seq., and the ADA, 42 U.S.C. §12101, et seq.

13.    At all times relevant to this complaint, Defendant is jointly and severally responsible to identify and remove architectural barriers at the Facility pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§36.201 General**

(b)   Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28CFR §36.201(b)

14.    At all times stated herein, Defendant, with the knowledge that it had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation. In this instance one or a combination of the following elements constituted architectural barrier(s) the nature of or lack of signage, accessible routes of travel, entrances, dining areas, guest facilities, sanitary facilities non complying, some encountered by Plaintiff resulting in an adverse experience.

15.    At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the subject public accommodation as being handicapped accessible and handicapped usable.

16.    At some of the times stated herein, Plaintiff was in San Rafael, for the purposes of: dental work under the care of Hamin Javadi D.D.S., a Periodontist, and to visit

1    friends in Tiburon where Plaintiff was a resident for over twenty (20) years.

2         17.    On or about January 13, 2022, January 25, 2024, and May 10, 2024, Plaintiff

3    was an invitee and guest at the subject Building, second floor, Hamid Javadi D.D.S., for

4    purposes of dental work.

5         18.    On or about January 13, 2022, Plaintiff encountered the following

6    architectural barriers at/in the Citi Bank Building Facility and as a legal result had the

7    following adverse experiences. There are two (2) staircases serving the second floor.  One

8    is off the parking lot next to the elevator.  The handrail did not extend sufficiently past each

9    landing; or floor.  The elevator has a history of malfunctioning in this two (2) story building.

10   It only services the Dental Offices of Hamid Javadi D.D.S. (Marin Reconstructive

11   Periodontics) who occupies the entire second floor.

12        19.    On or about January 13, 2022, Plaintiff encountered the following

13   architectural barriers at/in the inaccessible staircase(s) and elevator and as a legal result

14   had the following adverse experiences: difficulty and discomfort climbing the stairs and

15   balancing at the handrail returns on the landing and second floor; coming and going.  While

16   the elevator was inoperable on the first floor there was no signage to call the Javadi office

17   on the second floor to request they send the elevator down.  Plaintiff, upon leaving the

18   Javadi office on the second floor, learned that the elevator could be sent down to the first

19   floor.

20        20.    Therefore, at said time(s) and place, Plaintiff encountered the following

21   architectural barriers as stated herein or lack thereof and some "elements" or "facilities"

22   which in and of themselves or in combination constituted architectural barriers, some

23   categorical in nature resulting in denial of the proper and legally required access to a public

24   accommodation to persons with physical disabilities and causing Plaintiff to experience one

25   or a combination of discomfort, difficulty, embarrassment.

21.     On or about January 25, 2024 and May 10, 2024 Plaintiff had encountered the same architectural barriers and experienced the same difficulty as on the January 13, 2022 visit.

**SIGNAGE -** lack of a disability sign that states in substance "If elevator is not operating on the first floor, call Dr. Javadi (415) 392-1265 on second floor to send the elevator down to the first floor."

**STAIRCASE**(S) - lack of extended handrails on each of the two (2) existing staircases.

**IN GENERAL -** Lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to Plaintiff and for use by other persons with physical disabilities similarly situated.

**LEGAL RESULT OF ENCOUNTERING FOREGOING ARCHITECTURAL BARRIERS**

Therefore, as a legal result of encountering each of said elements, Plaintiff experienced one, all, or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his upper extremities in attempting to and/or using said stair case elements also causing anxiety, disappointment and embarrassment.

22.     At all time(s) as stated herein, Plaintiff encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his/her disability.

23.     At all times stated herein, it was "readily achievable" for Defendant to remove some and/or all of the architectural barriers complained of over a reasonable period of time

from the date that Defendant initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, Defendant could have but did not avail itself of the tax deduction and tax credits provided by Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

24.    At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded Plaintiff from full and equal opportunities afforded to non-disabled persons to the goods and services of subject place of public accommodation.

25.    Plaintiff was and is deterred from returning to the Javadi D.D.S. office so long as architectural barrier(s) complained of that he encountered, as stated herein are not ADAAG compliant.  Plaintiff attempted to overcome the deterrence on or about January 25, 2024 and May 10, 2024 during scheduled dental appointments.

26.    At said time(s) and place when Plaintiff encountered the architectural barriers as stated herein, and/or in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.  This arose from Plaintiff's physical inability to effectively use his upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non-disabled persons and patrons, invitees and guests.

27.    Said architectural barrier(s) as stated herein deprived and deterred Plaintiff the same full and equal access that a non-wheelchair user/non disabled person would

COMPLAINT FOR DAMAGES

enjoy while first-floor engaging in the goods, service and opportunities offered at the 666 3rd Street building Facility.

28.    At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

29.    As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to Plaintiff and other persons with disabilities, Plaintiff suffered the damages as alleged herein.

30.    As a result of the denial of equal access to Defendant's Facility due to the acts and omissions of Defendant in owning, operating and maintaining the Facility, Plaintiff suffered violations of his civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, et seq., and Plaintiff suffered bodily injury at times stated herein, and/or as a legal result of encountering architectural barriers experienced one or a combination of: difficulty, discomfort and embarrassment.

31.    Specifically, as a legal result of Defendant's negligence in the design, construction and maintenance of the existing subject building, Plaintiff suffered continuous, repetitive and cumulative trauma to his/her right/left upper extremities while attempting to climb and descend the twenty-seven (27) +/- risers and platform.

32.    Further, Plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed

hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

33.    Defendant's failure to remove the architectural barriers complained of herein created, at the time of Plaintiff's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused Plaintiff harm as stated herein.

34.    Plaintiff was denied his rights to equal access to a public facility by Defendant because Defendant maintained a public accommodation without access for persons with physical disabilities to its Facility, including but not limited to the two staircases, elevator, signage, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to Plaintiff and other persons with physical disabilities in these and other ways.

35.    Construction alterations, if any, carried out by Defendant has also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

36.    Defendant may have intentionally undertaken to modify and alter existing building(s) and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

37.    Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

38.    Because of Defendant's violations, Plaintiff and other persons with physical

disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, et seq. and other accessibility law as pled herein. Plaintiff seeks an order from this court compelling Defendant to make the subject building accessible to persons with disabilities.

39.     Plaintiff, as described herein below, seeks injunctive relief to require the subject place of public accommodation to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as Defendant operates the subject place of public accommodation as a public facility.

40.     Plaintiff believes that even with service of the summons and complaint on Defendant, Defendant will not, under its "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

41.     Plaintiff seeks actual and statutory damages where appropriate for violation of his civil rights on January 13, 2022, January 25,  2024, and May 10, 2024, and any continuing future violation where Plaintiff must overcome the deterrence to seek medical care and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a), for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred or made more physically and emotionally difficult for Plaintiff from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a

wheelchair user or otherwise. The acts and omission of Defendant in failing to provide the required accessible public facilities at the time of Plaintiff's visit and injuries, indicate actual and implied malice toward Plaintiff, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights and safety of Plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of Defendant to other operators and landlords of other banks and professional buildings and other public facilities, and to punish Defendant and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

42.     At all times stated herein and for post complaint occasions, Plaintiff has an absolute unfettered civil right to return to the public accommodation(s) complained of within thirty (30) day intervals until Defendant removes all architectural barriers under its continuing obligation to identify and remove architectural barriers.

43.     Plaintiff is informed and believes and therefore alleges that Defendant caused the subject building(s) to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the public accommodation and were denied full and equal use of said public facilities.   Furthermore, on information and belief, Defendant has continued to maintain and operate said public accommodation and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to Defendant that the configuration of Building and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as Plaintiff and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, et seq.

44.     Defendant's actual and constructive notice that the physical configuration of

the facilities including, but not limited to, architectural barriers constituting  subject place of public accommodation  and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as Plaintiff, includes, but is not limited to, coming into contact with public accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, possibly sponsors of conferences, the banking industry, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendant's failure, under state and federal law, to make the subject place of public accommodation accessible is further evidence of Defendant's conscious disregard for the rights of Plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on Plaintiff and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for Plaintiff and other persons with physical disabilities to the subject place of public accommodation. Defendant has continued such practices, in conscious disregard for the rights of Plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Said conduct, with knowledge of the effect it was and is having on Plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of Plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

45.     Plaintiff and the disability community consisting of persons with disabilities,

would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.  FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101 et seq.)**

46.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 45 of this complaint.

47.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> Some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

48.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

49.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, et seq.).  Among the public accommodations identified for purposes of this title was:

> (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce –

> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment;

42 U.S.C. §12181(7)(F)

50.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

51.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would

fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, et seq. - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

52.    The removal of the barriers complained of by Plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject public accommodation pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i) and (ii).

53.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that Plaintiff complains of herein were and are "readily achievable" by Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant have failed to make the required services available through alternative methods which were readily achievable.

54.    On information and belief, construction work on, and modifications of, the subject building(s) of place of public accommodation occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

55.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, et seq., Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that Plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

56.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, on information and belief Plaintiff alleges that Defendant has continued to

violate the law and deny the rights of Plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv), injunctive relief shall include an order to alter facilities to make such facilities readily accessible, to and usable by individuals with disabilities to the extent required by this title."

57.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

## II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, et seq.

58.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in Paragraphs 1 through 57 of this complaint.

59.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

60.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all

common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. *Civil Code §54.1(a)(1)*

61.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.
Civil Code §54.1(d)

62.     Plaintiff is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the Defendant as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which Defendant knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continues to be denied full and equal access to the subject place of public accommodation. As a legal result, Plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the subject place of public accommodation because of his knowledge and belief that the subject building is inaccessible to persons with disabilities.

California Civil Code §54.3(a) provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be

determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. *Civil Code §54.3(a)*

63.     On or about January 13, 2022, January 25, 2024, and May 10, 2024, and deterrence occasion(s) Plaintiff suffered violations of Civil Code §§54 and 54.1 in that Plaintiff was denied access to two (2) staircases, elevator and other public facilities as stated herein at the subject place of public accommodation and on the basis that Plaintiff was a person with physical disabilities.

64.     As a result of the denial of equal access to Defendant's Facility due to the acts and omissions of Defendant in owning, operating and maintaining the Facility, Plaintiff suffered violations of his civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, et seq., and/or as a legal result of encountering architectural barriers experienced one or a combination of: difficulty, discomfort and embarrassment. Each, or in combination, is a form of injury. Specifically, as a legal result of Defendant's negligence in the design, construction and maintenance of its Facility, Plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to climb and descend twenty-seven (27) +/- riser staircase.

65.     Further, Plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the

encountering of architectural barriers and legally resulting in adverse experiences.   No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

66.     Plaintiff has been damaged by Defendant and its wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of Plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about January 13, 2022, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

67.     As a result of Defendant's acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.   Pursuant to the provisions of Civil Code §54.3, Plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.   Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to compel the Defendant to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

### III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.

68.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 67 of this complaint.

69.     Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

70.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the subject place of public accommodation and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject place of public accommodation and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said public accommodation  and/or building to be subject to the requirements of Part 5.5, §19955, et seq., of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

71.     Pursuant to the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the subject place of public accommodation and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time

of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

72.     The Facility is a "public accommodation or facility" within the meaning of Health & Safety Code §19955, et seq.

73.     As a result of the actions and failure to act of Defendant and as a result of the failure to provide proper and legally handicapped-accessible public facilities, Plaintiff was denied his rights to full and equal access to public facilities and suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

74.     As a result of Defendant's acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce Plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in Plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, Plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

75.     Plaintiff seeks injunctive relief for an order compelling Defendant to make the subject place of public accommodation readily accessible to and usable by persons with

1   disabilities.

2

3   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**

4

5       76.    Plaintiff repleads and incorporates by reference, as if fully set forth again

6   herein, the allegations contained in paragraphs 1 through 75 of this complaint.

7       77.    Defendant's actions and omissions and failure to act as a reasonable and

8   prudent public accommodation in identifying, removing and/or creating architectural

9   barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh

10  Civil Rights Act.  The Unruh Act provides:

11          This section shall be known, and may be cited, as the Unruh
12          Civil Rights Act.

            All persons within the jurisdiction of this state are free and
13          equal, and no matter what their sex, race, color, religion, ancestry,
            national origin, or disability are entitled to the full and equal
14          accommodations, advantages, facilities, privileges, or services in all
15          business establishments of every kind whatsoever.

            This section shall not be construed to confer any right or
16          privilege on a person that is conditioned or limited by law or that is
17          applicable alike to persons of every sex, color, race, religion,
            ancestry, national origin, or disability.
18
            Nothing in this section shall be construed to require any
19          construction, alteration, repair, structural or otherwise, or modification
            of any sort whatsoever, beyond that construction, alteration, repair, or
20          modification that is otherwise required by other provisions of law, to
            any new or existing establishment, facility, building, improvement, or
21          any other structure . . . nor shall anything in this section be construed
            to augment, restrict, or alter in any way the authority of the State
22          Architect to require construction, alteration, repair, or modifications
23          that the State Architect otherwise possesses pursuant to other . . .
            laws.

24

25

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the Defendants in not complying with barrier removal is not an issue. Hence, the failure on the part of Defendant as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendant.

76. The acts and omissions of Defendant stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

77. Defendant's acts and omissions as specified have denied to the Plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5,

the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at, et seq., as if repled herein.

78.    As a result of the denial of equal access to Defendant's Facility due to the acts and omissions of Defendant in owning, operating and maintaining the Facility, Plaintiff suffered violations of Plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, et seq., and Plaintiff suffered bodily injury at time(s) stated herein, and/or as a legal result of encountering architectural barriers experienced one or a combination of: difficulty, discomfort, embarrassment and trauma to his upper extremities while attempting to climb and descend a  twenty-seven (27) +/- riser staircase.

79.    Further, Plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barriers as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

80.    Plaintiff is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed

by statute, according to proof if deemed to be the prevailing party.

**PRAYER**:

Plaintiff prays that this court award damages and provide relief as follows:

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendant to make the subject building, located at 666 3rd Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, et seq., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2.     For attorneys' fees, litigation expenses and costs of suit, if Plaintiff is deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

1.     For injunctive relief, compelling Defendant to make the subject building located at 666 3rd Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Actual and/or statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which Plaintiff was deterred from returning to the subject public accommodation;

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure

§1021.5, if Plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.**

1.      For injunctive relief, compelling Defendant to make the subject building, located at 666 3rd Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law;

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if Plaintiff is deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**IV.      PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**

1.      For injunctive relief, compelling Defendant to make the subject building, located at 666 3rd Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law;

2.      Actual and /or statutory damages as afforded by Civil Code §52(a) for the

date of incident and for each occasion on which Plaintiff was deterred from returning to the subject public accommodation;

     3.    Attorneys' fees pursuant to Civil Code §52(a), if Plaintiff is deemed the prevailing party;

     4.    General damages according to proof;

     5.    Treble damages pursuant to Civil Code §52(a);

     6.    For all costs of suit;

     7.    Prejudgment interest pursuant to Civil Code §3291; and

     8.    Such other and further relief as the court may deem just and proper

Dated: June 11, 2024          VAUGHAN & ASSOCIATES LAW OFFICE, APC

           By:  _/s/ Cris C. Vaughan_____
           CRIS C. VAUGHAN
           Attorney for Plaintiff Thomas E. Frankovich

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 11, 2024          VAUGHAN & ASSOCIATES LAW OFFICE, APC

           By:  _/s/ Cris C. Vaughan_____
           CRIS C. VAUGHAN
           Attorney for Plaintiff Thomas E. Frankovich

COMPLAINT FOR DAMAGES